IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD WILLIAM FISCHER,                  Case No. 6:15-cv-00707-AA
                                          OPINION AND ORDER
       Plaintiff,

       v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.

_____

Nancy J. Meserow
7540 S.W. 51st Avenue
Portland, Oregon 97219
     Attorney for plaintiff

Janice E. Hébert
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Martha A. Boden
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
       Attorneys for defendant

AIKEN, Judge:

      Plaintiff Richard William Fischer brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for disability insurance benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for an immediate award of benefits.

## BACKGROUND

      Born August 18, 1951, plaintiff was sixty years old on the alleged disability onset date and sixty-one on the date of his disability hearing. Tr. 44. He completed high school, where he was enrolled mostly in special education courses. Tr. 44. He has past relevant work as a laborer/equipment operator in the construction industry, as a janitor, and as a school bus driver. Tr. 189. He obtained his jobs through connections to family and friends. *See* Tr. 59 (obtained janitor/bus driver job through a friend); Tr. 73 (brother was supervisor in construction industry). Plaintiff testified that because of these connections, he was given special accommodations that permitted him to do work he otherwise could not have done. Tr. 73. Letters from his brother and a former supervisor corroborate this testimony. *See* Tr. 243 (brother stating that because he was the project superintendent, he was able to hire plaintiff "for various jobs over the span of approximately 10 years, in spite of the fact that he has serious limitations that I had to accommodate."); Tr. 244 (custodial supervisor at school describing special accommodations related to janitorial and bus driving work). Plaintiff asserts that when he tells employers about his limitations, "they are not interested" in hiring him. Tr. 57.

      There is substantial ambiguity in the record concerning the precise diagnosis and extent of

Page 2 - OPINION AND ORDER

plaintiff's cognitive impairments. However, it is well-documented that plaintiff's ability to read or write is severely limited. *See* Tr. 45 (plaintiff testifying that he cannot read or write); Tr. 62 (coworkers or supervisors complete any paperwork and time cards for him); Tr. 65 (plaintiff cannot read street signs and navigates "by the shapes"); Tr. 211 (plaintiff's wife explaining she filled out all forms as plaintiff dictated); Tr. 216 (plaintiff pays bills in cash because he cannot write a check); Tr. 243 (letter from plaintiff's brother explaining plaintiff cannot read or write and that he could not do any jobs requiring reading installation or assembly instructions); Tr. 244 (letter from custodial supervisor explaining plaintiff could not mix chemicals because he could not safely follow dilution instructions and had to paint lines on the street to mark bus stops because he could not read street signs); Tr. 268 (records from Office of Vocational Rehabilitation Services ("OVRS") stating, in 2012, that plaintiff "cannot read and functions cognitively in the retarded range"); Tr. 269 (OVRS evaluation specialist opining that based on "18 years and hundreds of assessments," plaintiff's 1994 evaluation shows he is dyslexic and unable to read).

Plaintiff filed his application for disability benefits November 4, 2011. Tr. 159. He initially claimed disability beginning January 1, 1997, Tr. 85, but he later amended the disability onset date to October 7, 2011, the day after he stopped working with his brother, Tr. 42. He alleged he was unable to work due to dyslexia and lower back pain. Tr. 85. His application was denied initially and upon reconsideration. Tr. 93, 102. On July 15, 2013, plaintiff was represented by counsel at a hearing before an administrative law judge ("ALJ"). Tr. 37. The ALJ concluded plaintiff was not disabled. Tr. 32. The Appeals Council denied review, and plaintiff filed a complaint in this Court. Tr. 1.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept

Page 3 - OPINION AND ORDER

as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's" decision. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is susceptible to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502(a)(4). At step one, the ALJ found plaintiff had not engaged in any substantial gainful activity since the alleged onset date. Tr. 19; 20 C.F.R. §§ 404.1520(a)(4)(i), (b). At step two, the ALJ found plaintiff suffers from a single severe impairment: cervicalgia/history of compression fracture at L1 with mild to moderate degenerative changes. Tr. 19; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c). The ALJ acknowledged evidence of dyslexia and cognitive impairments (mental retardation) but found neither impairment to be medically determinable. Tr. 20. At step three, the ALJ determined plaintiff's impairment did not meet or equal a listed impairment under the regulations such that plaintiff should be deemed presumptively disabled. Tr. 20; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d).

The ALJ found plaintiff retained the residual functional capacity ("RFC")

> to perform less than the full range of medium work as defined in 20 C[.]F[.]R[. §] 404.1567(c). The claimant can perform jobs that do not require complex written or verbal communication and jobs that involve instruction by demonstration. The claimant can perform jobs where the assigned work is limited to one-step or two-step

tasks, as the claimant is able to understand and carry out simple instructions. In addition, the claimant can perform jobs that involve no production rate or pace work.

Tr. 22; 20 C.F.R. § 404.1520(e). At step four, the ALJ concluded plaintiff could perform his past relevant work as a bus driver or a janitor. Tr. 30, 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). At step five, the ALJ found plaintiff could perform a number of jobs existing in significant numbers in the national economy, including dining room attendant, porter, and bagger. Tr. 31, 20 C.F.R. §§ 404.1520(a)(4)(v), (g). The ALJ found plaintiff not disabled and denied his application for benefits. Tr. 32.

## DISCUSSION

The scope of this appeal is narrow. Plaintiff neither challenges the ALJ's analysis of the medical records related to his back pain nor asserts that the RFC fails to account for his exertional limitations.[1] Accordingly, this Court will not disturb the ALJ's opinion to the extent it addresses plaintiff's physical impairments. With respect to the ALJ's evaluation of plaintiff's mental impairments and limitations, the Commissioner concedes error. Def.'s Br. & Mot. Remand 2. The only question is whether remand should be for further proceedings or for an immediate award of benefits.

District courts have discretion to decide whether to remand for further proceedings or for an award of benefits. 42 U.S.C. § 405(g); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The issue turns on the utility of further proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Remand for an award of benefits is appropriate when "no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed. *Id.* (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)).

---

[1] Plaintiff does challenge the ALJ's decision to discredit his testimony about the extent of his physical impairments on the basis of inconsistency between his testimony about his physical pain and his testimony about activities of daily living. *See* Pl.'s Opening Br. 33-34. However, plaintiff did not explain how correcting this alleged error would change the formulation of the RFC or otherwise affect the ultimate disability determination. Accordingly, plaintiff has failed to carry his burden to show that the purported error was harmful. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Page 5 - OPINION AND ORDER

Further proceedings would serve no useful purpose here because the record unambiguously shows plaintiff is disabled under the Social Security grids. Specifically, Social Security grid rule 203.01 compels a finding of disability when the claimant (1) is limited to medium work; (2) is "a person closely approaching retirement age"; (3) has an education level of "marginal or none"; and (4) has no work history or an unskilled work history. 20 C.F.R. subpt. P, app. 2 table 3, rule 203.01 ("grid rule 203.01"). The record leaves no doubt that plaintiff meets all four of these requirements.

The ALJ limited plaintiff to medium work. Tr. 22. Because he was sixty years old on the alleged disability onset date, plaintiff is a person "closely approaching retirement age." 20 C.F.R. § 404.1563(e). Accordingly, grid rule 203.01 directs a finding of disability if plaintiff's education level is "marginal or none" and his previous work experience is "unskilled or none."

Despite plaintiff's high school diploma, his education level qualifies as "marginal or none." Table 3, which applies when there is a restriction to medium work, does not expressly address illiteracy. However, elsewhere the grids categorize illiteracy as the lowest level of education. *See*, *e.g.*, 20 C.F.R. subp. P, app. 2 table 2 (lowest category is "illiterate or unable communicate in English," followed by "at least literate and able to communicate in English"). The Social Security regulations define illiteracy as "the inability to read or write." 20 C.F.R. § 416.964(b)(1).

It is evident from the record that plaintiff is illiterate. Plaintiff's own testimony, a note from his wife, letters from his brother and a former supervisor, and evaluations from literacy professionals spanning nearly two decades all support this conclusion. Accordingly, plaintiff's education is "none or marginal."

Finally, plaintiff's work experience qualifies as unskilled. At the hearing, the vocational expert ("VE") testified that plaintiff's prior work as a construction laborer, janitor, and custodian was unskilled. Tr. 76. The VE testified that work as a bus driver ordinarily is semi-skilled, but noted that plaintiff received assistance to do the job and stated that plaintiff had no transferable skills. Tr. 76, 81. "All grid rules are to be interpreted as treating skilled or semi-skilled work history with no transferable skills as equivalent to an unskilled work history." *Silveira v. Apfel*, 204 F.3d 1257, 1261

Page 6 - OPINION AND ORDER

(9th Cir. 2000).  Plaintiff thus has an unskilled work history, and is disabled under the grids.

Because grid rule 203.01 directs a finding of disability, further proceedings would serve no useful purpose.  The Commissioner is correct there are ambiguities in the record, but those ambiguities do not relate to plaintiff's age, exertional limitations, work history, or illiteracy. Accordingly, the resolution of those ambiguities would not change the fact that plaintiff is disabled pursuant to the grids.

## CONCLUSION

The Commissioner's decision is REVERSED AND REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

Dated this ___ day of September 2016.

_____
Ann Aiken
United States District Judge

Page 7 - OPINION AND ORDER