IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD WILLIAM FISCHER,                                Case No. 6:15-cv-00707-AA
                                                                           O R D E R
                    Plaintiff,

              v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.
_____

AIKEN, Judge:

        Plaintiff Richard William Fischer seeks attorney fees and costs pursuant to the Equal Access

to Justice Act ("EAJA"), 28 U.S.C. § 2412.    The Commissioner of Social Security

("Commissioner") opposes plaintiff's motion.   For the reasons set forth below, plaintiff's motion is

granted.

        Plaintiff applied for disability benefits 2011, alleging disability due to dyslexia and lower

back pain. Tr. 42, 85, 159. The Commissioner denied plaintiff's claim for benefits. Tr. 1, 32. On

September 13, 2016, this Court reversed and remanded for an immediate award of benefits. *Fischer

v. Colvin*, 2016 WL 4803175 (D. Or. Sept. 13, 2016). The Court held that plaintiff was disabled

because he is limited to medium work, is a person closely approaching retirement age, has an

Page 1 - ORDER

education level of "marginal or none," and has no work history or an unskilled work history. *See* 20 C.F.R. § 404 subpt. P, app. 2, rule 203.01 (directing a finding disability when these four criteria are met). Having succeeded in his appeal, plaintiff timely filed a motion for attorney fees in the amount of $11,613.47 and costs in the amount of $15.00.

A party that prevails against the United States government in a civil action is entitled to an award of attorney fees under the EAJA, unless the court finds "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not contend that the agency's position was substantially justified and agrees plaintiff is entitled to a fee award. Nonetheless, the Commissioner opposes plaintiff's motion, arguing that the fee award should be reduced because plaintiff's counsel seeks compensation for an excessive number of hours.[1]

Federal courts assess the reasonableness of fee requests, including EAJA requests in Social Security cases, using the "lodestar" method. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court then may adjust the lodestar upward or downward based on "a host of reasonableness factors, including the quality of representation, the benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (quotation marks omitted). Counsel for the prevailing party is expected to "exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Costa*, 690 F.3d at 1135 (quoting *Hensley*, 461 U.S. at 434). In a Social Security case, the determination of how much time an attorney can reasonably spend on a case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural

---

[1] The Commissioner opposes neither plaintiff's counsel's requested hourly rate nor plaintiff's request for costs. I find both the rate and costs billed to be reasonable.

Page 2 - ORDER

history, the size of the record, and when counsel was retained." *Id.* at 1136. Because "lawyers are not likely to spend unnecessary time on contingency fee cases" due to the uncertainty of payment, "courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id.* (quotation marks omitted).

The Commissioner asks that the 60.6 hours billed in this case be reduced to forty hours. As an initial matter, I note that the Commissioner provides no specific rationale for the size of the proposed reduction other than to cite cases stating that the typical EAJA fee award in this district is between twenty and forty hours. The Commissioner argues that because there are no special factors showing this case was unusually complex, there is no justification for the fee award to be above that range. The Ninth Circuit rejected that reasoning in *Costa*. In that case, the court expressly addressed the District of Oregon's "perceived . . . informal district-wide rule that forty hours is the upper limit for the number of hours a lawyer can reasonably spend on a social security disability appeal that does not present particular difficulty." *Id.* at 1137. The court rejected reliance on that rule, holding that a district court abuses its discretion by "ma[king] cuts to the requested hours with an eye toward getting the number of hours down to forty rather than based on the number of hours that was reasonable for the legal services" in a particular case. *Id.*

The Commissioner argues the number of hours billed in this case are excessive for five reasons: (1) 60.6 hours is well outside the typical range of EAJA hours approved in Social Security cases in this district; (2) the record is small; (3) the appeal did not involve complex legal issues; (4) plaintiff's counsel is an experienced attorney; and (5) the remand order rested on a ground raised only briefly by plaintiff.

It is undisputed that the 60.6 hours requested here are at the high end of EAJA applications in Social Security cases. In *Costa*, the Ninth Circuit affirmed that district courts "may consider" the fact that "twenty to forty hours is the range most often requested and granted in social security cases." 690 F.3d at 1136. Nonetheless, the court "question[ed] the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend

Page 3 - ORDER

on the particular case before the court." *Id.* The "outlier" status of the number of hours in a fee request, therefore, cannot support a reduction on its own. At most, it may tip the scales when other, case-specific factors suggest a reduction is warranted.

The record in this case is relatively small, totaling fewer than three hundred pages. That is an appropriate consideration under *Costa*, but brevity of a record is not dispositive. *See Buzbee v. Colvin*, 2016 WL 2756173, *1 (D. Or. May 11, 2016) ("Long records may follow a simple case. A complex case may contain a beguilingly brief record."). I must therefore consider the length of the record in relationship to the complexity of issues in this case.

This was an unusual case in that the record contained ample evidence of plaintiff's mental limitations but relatively sparse documentation of those limitations from acceptable medical sources. As a result, although some of the issues briefed on appeal (for example, regarding plaintiff's credibility) appear routinely in Social Security cases, others – particularly when dyslexia/mental retardation may be considered severe medically determinable impairments and the effect of illiteracy in Social Security cases — were complex and required novel research. Reflecting this complexity, briefing here was extensive for a Social Security case. Plaintiff filed a thirty-seven page opening brief and a twelve-page reply brief. Although I have not conducted a formal study of the typical length of a Social Security brief in this district, a review of recent cases assigned to me[2] and to my colleagues[3] suggests the briefs here are about twice as long as briefs generally are in Social Security

---

[2] *See, e.g., Farley v. Colvin*, Case No. 6:15-cv-00643-AA, Doc. 17 & 23 (twenty-page opening brief and nine-page reply brief); *Purser v. Colvin*, Case No. 3:15-cv-00606-AA, Doc. 15 & 19 (twelve-page opening brief and six-page reply brief); *Nava v. Colvin*, Case No. 3:14-cv-01348-AA, Doc. 12 & 19 (seventeen-page opening brief and eight-page reply brief).

[3] *See, e.g., Shipley v. Colvin*, 2016 WL 5419422, *3 (D. Or. Sept. 29, 2016) (nineteen-page opening brief); *Jette v. Colvin*, 2016 WL 4718217, *3 (D. Or. Aug. 9, 2016) (fourteen-page opening brief and eleven-page reply brief); *Smith v. Colvin*, 2016 WL 3647969, *3 (D. Or. May 17, 2016) (seventeen-page opening brief); *Savoie v. Comm'r of Soc. Sec.*, 2016 WL 1572426, *4 (D. Or. Feb. 29, 2016) (twenty-page opening brief and seven-page reply brief); *Myres v. Colvin*, 2015 WL 7761168, *3 (D. Or. Nov. 12, 2015) (eighteen-page opening brief); *Bostic v. Astrue*, 2012 WL 4857594, *2 (D. Or. Sept. 18, 2012) (twenty-page opening brief and five-page reply brief); *Seamon v. Astrue*, 2012 WL 4933269, *2 (D. Or. Sept. 18, 2012) (sixteen-page opening brief).

cases. It is therefore unsurprising that plaintiff's counsel is requesting compensation for roughly twice as many hours as are requested in the typical Social Security case.

I "dismiss outright the argument that counsel's extensive experience in this area lends to the unreasonableness of her billed hours. If anything, counsel's experience bolsters her judgment, to which the Ninth Circuit would have me defer." *Buzbee*, 2016 WL 2756173 at *2.

I turn next to the Commissioner's argument regarding the grounds for remand. In this case, this Court remanded based on a Social Security grid rule. Plaintiff devoted only one and a half pages out of nearly fifty total pages of briefing to the grid rules. Nonetheless, I conclude there is no reason to reduce the fee award due to limited success. This Court did not reject or even discuss any of plaintiff's other arguments in remanding for an award of benefits, leaving open the possibility those arguments might also have been winners on appeal. Moreover, plaintiff's counsel obtained "excellent results" — indeed, the best results possible — in the form of a remand for an immediate award of benefits. *Hensley*, 461 U.S. at 435.

Finally, I note that plaintiff's counsel did not represent plaintiff before the ALJ or Appeals Council. When an attorney did not represent the claimant at the administrative level, effective advocacy on appeal requires obtaining familiarity with the record below — and that takes additional time. *See Winton v. Colvin*, 2016 WL 2606706, *3 (D. Or. May 6, 2016).

The requested hours in the petition here are undoubtedly on the high end for Social Security appeals, and in view of the size of the record, reasonable minds could differ about the choice to spend this much time on the case. Under the circumstances of this case, however, I find that doubt insufficient to justify a departure from the Ninth Circuit's directive to "generally defer to the winning lawyer's professional judgment." *Costa*, 690 F.3d at 1136.

## CONCLUSION

Plaintiff's Motion for Attorney Fees, Costs and Expenses Pursuant to Equal Access to Justice Act (doc. 27) is GRANTED. Plaintiff's counsel, Nancy J. Meserow, is hereby awarded $11,613.47 in attorney fees and $15.00 in costs on behalf of plaintiff.

Page 5 - ORDER

IT IS SO ORDERED.

Dated this ⟋⟍ day of November 2016.

_____

Ann Aiken
United States District Judge